UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **John D. McDonald,** | **)** | **CASE NO. 5:09 CV 1485** |
| | **)** | |
| **Plaintiff,** | **)** | **JUDGE PATRICIA A. GAUGHAN** |
| | **)** | |
| **Vs.** | **)** | |
| | **)** | |
| **Commissioner of Social Security,** | **)** | **Memorandum of Opinion and Order** |
| | **)** | |
| **Defendant.** | **)** | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate

Judge Benita Y. Pearson ("R&R")(Doc. 16) recommending that the decision of the

Commissioner be affirmed.   Plaintiff has filed objections to the R&R.  For the reasons that

follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**FACTS**

Plaintiff, John D. McDonald, appeals the denial of his application for Disability

Insurance Benefits and Supplemental Social Security Income.  The Magistrate Judge concluded

that substantial evidence supports the Commissioner's decision to deny benefits.  Plaintiff

1

objects to the Magistrate Judge's R&R.  According to plaintiff, the Magistrate Judge

misconstrued plaintiff's argument.  Specifically, plaintiff claims that he never argued that the

record supports the conclusion that plaintiff is not disabled.  In addition, plaintiff argues that the

Magistrate Judge erred by concluding that defendant properly weighed the opinion of Dr.

Blumenthal, a consultive rheumatologist.

Upon review, the Court rejects plaintiff's objections.  As an initial matter, although the

Magistrate Judge may have misconstrued plaintiff's argument[1], she properly applied the requisite

legal standard.  Accordingly, the objection has no merit.

Moreover, the decision of the Commissioner is supported by substantial evidence.

Plaintiff essentially complains that the Commissioner rejected the opinion of Dr. Oza, plaintiff's

treating physician, in favor of Dr. Blumenthal, a rheumatologist.  Plaintiff argues that Dr.

Blumenthal was only qualified to give a medical opinion regarding a positive ANA test.  This

Court rejects plaintiff's argument.  While the Commissioner's decision could have been more

thorough, the Court cannot say that the Commissioner erred in his conclusions.  Dr. Blumenthal

indicated that the positive ANA test was actually a negative result.  He further opined, by ruling

out other rheumatological disorders, that plaintiff suffers from fibromyalgia.  Plaintiff's treating

physician, on the other hand, diagnosed plaintiff with hypothyroidism and osteoarthritis.

According to Dr. Oza, plaintiff is unemployable because he suffers from these two conditions.

---

[1]     Plaintiff argued that the Commissioner's decision was not
        supported by substantial evidence.  It does not appear that plaintiff
        argued that "substantial evidence supports a finding of disability,
        even if substantial evidence also exists supporting a finding of
        non-disability."  Regardless, however, the Magistrate Judge
        applied the proper legal standard, *i.e.*, whether the Commissioner's
        determination is supported by substantial evidence.

The Commissioner, however, concluded that "the objective evidence *and* the opinin or Dr. Blumenthal" does not support Dr. Oza's conclusions.  Thus, contrary to plaintiff's argument, the Commissioner did not simply adopt the opinion of Dr. Blumenthal.  It was his opinion, *coupled with the objective medical evidence*, that supported his conclusion that plaintiff is not disabled.  For the reasons stated by the Magistrate Judge in her R&R, the Court finds that the decision by the Commissioner is supported by substantial evidence.[2]  Accordingly, plaintiff's objection is not well-taken.

### CONCLUSION

Having considered the Objections, and upon review, this Court agrees with the determinations of the Magistrate Judge and, therefore, her findings are hereby incorporated by reference.  The Report and Recommendation is ACCEPTED.  The final decision of the Commissioner of Social Security is AFFIRMED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 8/23/10                United States District Judge

---

[2]     For example, plaintiff alleges a disability onset date of September 1, 2006.  Just two weeks prior, Dr. Oza indicated that plaintiff's hypothyroidism was well-controlled.  Moreover, when asked to identify the observations and medical evidence supporting his opinion regarding plaintiff's physical functional capacity, Dr. Oza indicated, "he is homeless, has no income...."  In addition, the Commissioner rejected opinions from medical sources dating back to 2001 and 2002 because plaintiff engaged in substantial gainful employment from 2003 to 2006.